IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD WRIGHT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-cv-435 |
| DAVID DIGUGLIELMO, et al. | : | |

O R D E R

AND NOW, this 11th day of May, 2007, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of *habeas corpus* is TRANSFERRED to the United States District Court for the Middle District of Pennsylvania; and

3. The Petitioner's Objections, included in his April 16, 2007 letter to the Magistrate Judge, are overruled.[1]

---

[1] The Court considered Petitioner's Objections to the Magistrate Judge's Report carefully, mindful of its duty to construe *pro se* pleadings liberally.  The Magistrate Judge recommended a transfer to the Middle District of Pennsylvania because the petitioner was convicted and sentenced in Dauphin County.  Under 28 U.S.C. Section 2241(d), a petitioner may bring his application for a writ of *habeas corpus* in either the district in which he is confined, or the district in which he was convicted and sentenced.  The Third Circuit advises that, when a petitioner challenges the validity of his conviction, a court should transfer the case from the district of confinement to the district of conviction and sentencing for the convenience of the parties and witnesses.  *See In re: Nwanze*, 242 F.3d 521, 526 n.2 (3d Cir. 2001).

Petitioner objects that he will be prejudiced if his case is transferred to the Middle District of Pennsylvania, because he is currently incarcerated in the Eastern District of Pennsylvania and will not have access to the Middle District's local rules.  Moreover, he asserts that the inmates who have helped him to prepare filings are not familiar with Middle District rules.

The Court may apply traditional venue considerations, including convenience, to a *habeas corpus* case.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).  The Court does not find that petitioner will be prejudiced by the transfer.  All of petitioner's motions will remain under consideration following the transfer, as will the petition for a writ of *habeas corpus* itself.  In addition, because petitioner is *pro se*, the Middle District court will look generously on filings not in perfect compliance with local rules and will assure a fair and impartial review.

Moreover, the evidence and witnesses in the case can be found in the Middle District, because all of the pertinent events took place there.  *Id*. at 493-94.  The Middle District is thus the appropriate forum.

(continued...)

BY THE COURT:

<u>/s/ Thomas M. Golden</u>
THOMAS M. GOLDEN, J.

---

¹(...continued)
This Court does not reach the petitioner's objections, included in his April 16, 2007 letter to the Magistrate Judge, concerning the timeliness of his petition, his *Batson* claim, and his sentence. The Court also does not reach petitioner's Motions for the Appointment of Counsel and for Discovery.